IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| Mitchell Lee Walck, | ) | |
| --- | --- | --- |
| | ) | **ORDER RE: § 1915A** |
| Plaintiff, | ) | **SCREENING** |
| | ) | |
| vs. | ) | |
| | ) | |
| Mr. Pat Heinert, et al., | ) | |
| | ) | Case No.: 1:16-cv-331 |
| Defendants. | ) | |

## I. BACKGROUND.

Before the Court is Walck's Complaint (Doc. No. 6). The Court now conducts an initial screening pursuant to 28 U.S.C. § 1915A.

## II. STANDARDS GOVERNING INITIAL REVIEW.

Congress enacted the Prison Litigation Reform Act of 1995 ("PLRA") to address the burden imposed by prisoner suits that are too often frivolous and without merit. Jones v. Bock, 549 U.S. 199, 203-04 (2007); Woodford v. Ngo, 548 U.S. 81, 84 (2006). One of the reforms enacted as part of the PLRA for cases in which prisoners are seeking to sue a governmental entity, officer, or employee requires courts to conduct an early screening to weed out claims that clearly lack merit. 28 U.S.C. § 1915A. In conducting the screening, the court is required to identify any cognizable claims and to dismiss the Complaint, or any part of it, that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. Id.

In screening a *pro* se prisoner Complaint, the court is obligated to construe it liberally and hold it to a less stringent standard than what normally would be required of attorneys. Id.; see also Federal Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008); Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015) ("When we say that a pro se complaint should be given liberal

construction, we mean that if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.") (internal quotation marks omitted). This does not mean that the court must accept everything or anything that is filed by a prisoner proceeding *pro se*, however. In enacting the screening requirement, Congress obviously expected it to be more than an a ritualistic exercise and that courts would only allow to go forward those claims that are cognizable, that seek relief from a non-immune party, and that are not obviously frivolous or malicious.

To meet the minimal pleading requirements of Rule 8(a)(2) for stating a cognizable claim, something more is required than simply expressing a desire for relief and declaring an entitlement to it. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 n.3 (2007) ("Twombly"). The complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). Also, it must state enough to satisfy the "plausibility standard" for stating a cognizable claim as established in Twombly and further amplified by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 678-84 (2009) ("Iqbal"). And, even though a *pro se* prisoner Complaint is entitled to a liberal construction, these minimal pleading requirements must still be satisfied. E.g., Story v. Foote, 782 F.3d 968, 969 ("To state a claim, . . . [the *pro se* prisoner's] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quotation marks omitted and citing Twombly and Iqbal). Complaints that offer nothing more than labels and conclusions or a formulaic recitation of the elements are not sufficient. Twombly, 550 U.S. at 555; Iqbal, 556

U.S. at 680-81. Frivolous claims are those that are clearly baseless, fanciful, fantastic, or delusional. See Denton v. Hernandez, 504 U.S. 25, 32-34 (1992).

To state a claim under 42 U.S.C. § 1983, a plaintiff must normally allege a violation of a right secured by the Constitution or the laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Walker v. Reed, 104 F.3d 156, 157 (8th Cir. 1997). Even under liberal pleading standards, a pro se litigant, at the very least, must invoke rights under the Constitution or federal law in order to plead a § 1983 claim. Walker v. Reed, 104 F.3d at 157-58. Also, the pleading must allege a sufficient causal link between the alleged violation and the basis upon which the particular defendant is to be held responsible, keeping in mind that persons sued in their individual capacities must be personally involved or directly responsible since § 1983 does not impose respondeat superior liability. Iqbal, 556 U.S. at 676-77; Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999).

### III. ANALYSIS.

Upon review of Walck's complaint, his primary contention seems to be that during his incarceration at Burleigh County Detention Center in 2012-2013, defendants violated his Eighth Amendment right to be protected from cruel and unusual punishment by their deliberate disregard of his special dietary and/or medical needs. Walck apparently suffers from celiac disease, which requires a gluten-free diet. (Doc. No. 6, at 5-6). He contends that he was subject to "food contamination," causing severe fatigue, constipation, chronic anemia, and mental anguish. Id. He also contends that a member of the nursing staff failed to administer a laxative as required. Id. at 6.

As a threshold matter, Walck has brought his claims in such a way that requires the Court to immediately dismiss several of them as duplicative. He brings the suit against five separate defendants and groups of defendants. All of the defendants are associated with Burleigh County: they include Pat Heinert, the Burleigh County Sheriff at the time; Lisa Wicks, a captain at the Burleigh County Sheriff's Department; Tara Canright, who appears to be a registered nurse at the Burleigh County Detention Center; "Jane and John Doe Burleigh County Commissioners;" and, lastly, "Jane and John Doe Burleigh Co. Detention Employees, Dept. Heads, Cpl's, Sgts., Lt's. and Correctional Staff." (Doc. No. 6, at 3-4).

As is clear from the face of the complaint, all the individual defendants are employees of Burleigh County. Furthermore, Walck states explicitly that he is suing each defendant in his or her official capacity, and not in his or her individual capacity. (Id. at ¶ C., D., E., F., G). Suits against a public official in his official capacity are actually suits against the entity for which the official is an agent. Elder-Keep v. Aksamit, 460 F.3d 979, 986 (8th Cir. 2006), citing Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

As such, Walck is actually suing Burleigh County five times over. He seems to recognize as much in the text of at least one of his claims, writing, "City and county governments can be held liable…" See Doc. No. 6, ¶ D. As such, Court will construe these claims as claims against Burleigh County, and dismiss the claims against the defendants in their official capacity as redundant. See, Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010) (district court correctly dismissed claim against city police officer in his official capacity as redundant to claim against city).

While municipalities and other local government entities are suable persons under § 1983, plaintiffs who seek to impose such liability must show that "action pursuant to official

municipal policy caused their injury." Connick v. Thompson, 563 U.S. 51, 60–61, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011). Liability exists only where the municipality itself causes the violation. Perkins v. Hastings, 915 F.3d 512, 520 (8th Cir. 2019). As such,

> A plaintiff thus must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). "[A]n act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." Id. at 404, 117 S.Ct. 1382. The plaintiff also must show a direct causal link between the custom and the deprivation of rights, i.e., that "the municipality was the 'moving force' behind the injury alleged." Id.

Perkins v. Hastings, 915 F.3d at 521 (8th Cir. 2019).

Here, Walck alleges that the County and/or its employees exhibited a "failure to train staff and promulgate a policy to accommodate men with severe food intolerance and allergies," claiming negligence, gross negligence, medical malpractice, and deliberate indifference. (Doc. No. 6 at ¶ D). At first glance, he seems to be levying the accusation that Burleigh County has no policy for accommodating food allergies in male prisoners, which might state a cognizable claim for injury due to a municipal policy. Yet later in the complaint, Walck writes,

> At Burleigh Jail, Correctional Officers are certainly versed on special diet needs because the C.O.'s and sometimes Dept. Heads, Supervisors such that I certainly witnessed served trayed meals (3) times daily. The breakfast, lunch and dinner trays are all marked for disbetes, allergies ect. That didn't stop the tray mix-ups.

As such, Walck seems to concede the existence of a policy allowing for trays to be marked for diabetes and food allergies, and even that the employees are familiar with special dietary needs. His claim appears to assert that this policy was incompetently executed, resulting in tray mix-ups.

Overall, the thrust of Walck's complaint is that he had unpleasant symptoms, and therefore, due to tray mix-ups or otherwise, the prison employees must have failed to assure that his food was free of gluten. But these facts, while perhaps consistent with a claim for individual negligence, fail to state a claim for municipal liability. The occurrence of "tray mix-ups," absent any allegation that these mix-ups occurred pursuant to a county-wide custom, does not show that Burleigh County was a moving force behind Walck's alleged injury. Even on the individual level, his claims are suspect; the closest he comes to alleging concrete causation against *any* defendant is by claiming that the facility nurse "did not take the repercussions of gradual food contamination allergies seriously," which he takes as evidence of her "malice and sadistic intent." (Doc. No. 6, ¶ C). He also accuses her of failing to administer Miralax as prescribed by his doctor. Yet Walck fails to cite any link between the nurse's actions and the culpability of Burleigh County in general.

As such, the Court finds that Plaintiff's complaint, as it is now drafted, fails to state a claim upon which relief can be granted against Burleigh County, and is such does not pass the initial § 1915A screening. He is hereby given until March 5, 2020, to submit an amended pleading with additional factual assertions establishing liability of the County itself. Failure to do so may result in the claim being dismissed.

**IT IS SO ORDERED**.

Dated this 20th day of February, 2020.

> */s/ Clare R. Hochhalter*
> Clare R. Hochhalter
> United States Magistrate Judge